Dear Ms. Ford:
You have requested an opinion of this office concerning the interpretation of a phrase in La.R.S. 18:532.1 (D)(2)(a) which states that ". . . the parish governing authority may divide a precinct into two or more precincts . . ." You note that "in a small parish" (such as Catahoula), you believe it will be necessary to "divide precincts in order to comply with State and Federal law" as you redistrict election districts for the Catahoula Parish Police Jury following the 2010 census. You are concerned that the division of precincts would cause you to create new precincts which must be named, funded, and manned on Election Day. This would also require the additional cost of two (2) voting machines per new precinct to facilitate voting.
You ask if an interpretation of the phrase,". . . the parish governing authority may divide a precinct into two or more precincts . . ." could provide you with the ability to allow a precinct to contain more than one election district, resulting in the elections in such a precinct be conducted by the use of a "lock-out," so that voters in a single precinct cast ballots in only one of the election districts that share that precinct, corresponding to their voter registration. This would eliminate the need for the creation of new precincts.
La.R.S. 18:532.1 (Changing Boundaries) is found in Chapter 5 (Primary and General Elections) of the Election Code in Subpart B (Places for Voting). *Page 2 
Paragraph A provides the parish governing authority with the authority to change the configuration, boundaries, or designation of an election precinct in compliance with the provisions of R.S. 18:1941.
Paragraph D (1) states that no election precinct shall be created, divided, abolished, or merged, or the boundaries thereof otherwise changed between January first of any year of which the last digit is nine and December thirty-first of any year of which the last digit is three.
You are concerned with the interpretation of a phrase in (D)(2)(a) which reads:
 (2)(a) Notwithstanding the provisions of Paragraph (1) of this Subsection or R.S. 18:1903 to the contrary, if after the release of the federal decennial census data a parish governing authority is unable to comply with applicable law regarding redistricting and reapportionment, including adherence to traditional redistricting principles, in the creation of its redistricting or reapportionment plan using the whole precincts submitted to the United States Bureau of the Census, the parish governing authority may divide a precinct into two or more precincts; any such division shall be by a visible feature which is a census tabulation boundary.
You noted, Catahoula found it necessary to "divide precincts in order to comply with State and Federal law" as you redistrict election districts for the Catahoula Parish Police Jury following the 2010 census; however, you add that this division of precincts causes you to create new precincts which must be named, funded, and manned on Election Day. This would also require at least two (2) additional voting machines per new precinct to facilitate voting, as well as the requisite number of commissioners. If this were extrapolated out statewide, it could lead to an over-obligation of those resources the state is required to provide in order to facilitate voting.
It is axiomatic that a law cannot lead to absurd consequences.[1] The exercise of the voting franchise has long been held to be a fundamental right[2] and the denial of which will lead to an equal protection violation. Creating an extraordinary amount of new `precincts' which will over-obligate the state's reservoir of voting machines, and the budget necessary to pay all expenses required to facilitate the exercise of the voting franchise, will certainly lead to disenfranchisement at worst, or the inability to `make it more convenient for voters or facilitate the administration of the election process,'[3] at best. *Page 3 
In Opinion No. 79-1477, the Attorney General was asked about a newly adopted reapportionment plan for the Parish of Pointe Coupee. This plan divided historic wards and precincts into eleven election districts, and one portion of Ward 10 Precinct 3 was in election District 10, while the other portion of this precinct was in election District 11. The police jury asked whether it was legal for a voter residing in District 10 of Precinct 3 of Ward 10, to cast his vote at a polling place located in the newly created District 11 of Precinct 3 Ward 10.
The Attorney General opined that R.S. 18:533(A) states, The governing authority of each parish shall establish one polling place for each precinct.' Based upon this provision, it was the opinion of this office that a voter may vote in another election district provided said voter does not cross precinct lines to cast his vote.
In conclusion, a governing authority may divide or merge a precinct strictly in order to accomplish redistricting, in an effort to make it more convenient for voters and/or facilitate the administration of the election process. Since there is already precedent for the exact action you request, and the other alternative to create new precincts would lead to absurd, and potentially illegal consequences, it is the opinion of this office that the phrase, ". . . the parish governing authority may divide a precinct into two or more precincts . . ." could provide the parish governing authority with the ability to allow a precinct to contain more than one election district. This will result in the elections in such a precinct to be conducted by the use of a "lock-out" such that voters in a single precinct cast ballots in only one of the election districts that share that precinct, corresponding to their voter registration.
We trust this satisfactorily answers your questions. Please feel free to contact our office should you have any additional concerns.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ WILLIAM P. BRYAN, III Assistant Attorney General
 JDC/WPB, lll/jv
 cc: Tom Schedler Secretary of State
[1] LSA-C.C. art. 9
[2] LSA-Const. Art. I, sec 3, US Const. XIV Amendment
[3] LSA-R.S. 18:532.1 (B)(2)